IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 15-10085-02-JWB

JUSTIN ROURKE,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant Justin Rourke's motion for release. (Doc. 422.) Defendant seeks early release due to his underlying health conditions and the current COVID-19 pandemic. Defendant also seeks early release because his children's mother died due to cancer. The motion has been fully briefed and the court is prepared to rule.[1] (Doc. 431.) For the reasons stated herein, Defendant's motion for release is DENIED.

    **I.**    **Facts and Procedural History**

In July 2016, Defendant was indicted -- along with several others -- of conspiring to commit several federal offenses, including drug distribution, in violation of 21 U.S.C. § 846. (Doc. 32.) The drug conspiracy was alleged to have occurred from August 2013 through June 2015. Defendant was also charged with two counts of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and two counts of use of a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(b). On June 21, 2017, Defendant pleaded guilty to the conspiracy count. (Doc. 249.) As part of the factual basis in the

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

plea, Defendant admitted to distributing methamphetamine. Under the plea agreement, the parties agreed to recommend a 120-month sentence.

According to the presentence agreement, the sentencing guideline range was 120 months due to the statutory mandatory minimum. (Doc. 374 at 37.) On May 13, 2019, Defendant was sentenced to 60 months imprisonment and committed to the custody of the Bureau of Prisons ("BOP").

Defendant is currently incarcerated at FTC Oklahoma City. Based on the information provided by the BOP, FTC Oklahoma City currently has zero COVID-19 cases among inmates and only one active case among staff. *See* Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 21, 2021). Defendant's projected release date is December 20, 2023. *See* Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (Justin E. Rourke, 28227-031, last accessed July 21, 2021).

On May 17, 2021, Defendant filed a motion seeking early release due to his chronic health conditions. (Doc. 422.) Defendant also argues that he should be released because of the death of his children's mother, which has resulted in him obtaining custody of the three minor children. The government opposes Defendant's motion on the basis that he has not shown extraordinary circumstances and the sentencing factors do not weigh in favor of a sentence reduction to a time served sentence. (Doc. 431.)

Defendant's motion also seeks appointment of counsel. Although there is no right to counsel in the filing of these motions, District of Kansas Standing Order 19-1 allows the appointment of the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-

8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has fifteen days to notify the court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the court that it did not intend to enter an appearance to represent Defendant. Defendant's motion for appointment of counsel in connection with his motion is denied.

## II.   Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Now, a defendant may file his own motion if certain conditions have been met. The Tenth Circuit has recently endorsed a three-step test for district courts to utilize in deciding motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted[2] his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate

---

[2] The government concedes that Defendant has exhausted his request with the BOP. (Doc. 431 at 3.)

3

release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, at *2 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

Here, the government argues that Defendant has not shown extraordinary circumstances and that the sentencing factors do not support a time served sentence.

### III. Analysis

#### A. Extraordinary and Compelling Reasons

Defendant asserts two reasons for release in his motion: 1) his health condition and 2) the death of his children's mother. The Tenth Circuit has held that this court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant release. *See McGee*, 992 F.3d at 1044, 1048. "[E]xtraordinary" means "exceptional to a very marked extent." *United States v. Ford*, — F. Supp. 3d. —, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) (quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020)). "Compelling" means "tending to convince ... by forcefulness of evidence." *Id.* (quoting compelling, *Webster's Third International Dictionary*, *Unabridged* (2020)). Although not binding on this court, the Sentencing Commission has identified that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories. *Id.* (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)) and *United States v. Carr*, No. 20-1152, — F. App'x. —, 2021 WL 1400705, at

4

\*4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

Turning to the first reason, Defendant states that he has chronic health conditions. Although he does not specify those conditions, the denial letter from the warden states that Defendant has been diagnosed with hyperlipidemia, hypertension, irritable bowel syndrome, and other chronic conditions. (Doc. 422-1 at 3.) The government also states that the medical records show Defendant is obese. (Doc. 31 at 15.) The government argues that Defendant's health conditions are not an extraordinary and compelling reason here because Defendant's medical needs have not gone untreated, Defendant is able to self-care within the BOP environment, Defendant previously tested positive for COVID-19 in May 2020, and Defendant refuses to be vaccinated.

The court finds that Defendant's medical conditions and the conditions at FTC Oklahoma City do not constitute extraordinary and compelling reasons for a reduced sentence. Reviewing the BOP website concerning COVID-19, there are currently zero cases of COVID-19 at FTC Oklahoma City among inmates. *See* Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 21, 2021). Out of the 130,316 federal inmates incarcerated custody at this time, only 200 inmates nationwide have confirmed positive test results. *Id.* Although the COVID-19 pandemic is a significant ongoing health concern, Defendant has not met his burden to show extraordinary circumstances due to his health conditions and the COVID-19 pandemic because there are no positive COVID-19 cases at his facility among inmates. *See United States v. Verdin-Garcia*, No. 05-20017-01-JWL, 2021 WL 2144801, at \*2 (D. Kan. May 26, 2021) (no inmates with active infections weighs against compassionate release). Moreover, Defendant has not shown that compared to release in the community at large, he "faces a heightened or imminent risk of

5

exposure to COVID-19" at FTC Oklahoma City. *United States v. Young*, No. CR 10-20076-01-KHV, 2021 WL 1999147, at *3 (D. Kan. May 19, 2021). The risk that COVID-19 or a variant resistant to the vaccine may emerge at the facility cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Id.* (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Moreover, Defendant has already contracted COVID-19 and he does not make any showing that his prior infection resulted in serious injury to his health due to his health conditions. Defendant also makes no argument regarding BOP's ability to provide medical care to his ongoing health conditions. Therefore, Defendant has not established an extraordinary and compelling reason for release based on his health conditions and the COVID-19 pandemic.

Turning to the second reason, Defendant argues that he should be released to provide care to his children after the recent death of their mother. In his motion, he checked the box that states that "the caregiver of my minor child or children has died or become incapacitated and *I am the only available caregiver for my child or children*." (Doc. 422 at 4) (emphasis supplied). The motion further states that both he and his wife, Natividad Rourke, are the primary caregivers after the January 2021 death of the children's mother. (*Id.* at 5; 422-1 at 8.) Defendant states that his children now live with his wife on a single income. In response, the government argues that this is not an extraordinary and compelling circumstance because the children are not without a caregiver. The court agrees.

While the court sympathizes with the children's tragic loss of their mother, the children are not without a caregiver. Based on Defendant's statements in his motion, this is not a situation in which Defendant is the only person who could provide care to the children. Therefore, this circumstance does not constitute an extraordinary and compelling reason for a sentence reduction.

*See United States v. Warren*, No. 13-20081-JAR, 2020 WL 5253719, at *4 (D. Kan. Sept. 3, 2020); *United States v. Clem*, No. 18-20088, 2021 WL 365096, at *3 (D. Kan. Feb. 3, 2021) ("Because Clem does not show that he is the 'only available caregiver' for his ailing grandfather, the Court cannot conclude that Clem's family circumstances amount to an extraordinary and compelling reason warranting compassionate release.")

### B. Sentencing Factors

Further, even had Defendant shown extraordinary circumstances supporting a sentence reduction, the reduction would not be warranted after consideration of the sentencing factors. Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *McGee*, 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Defendant has served approximately 26 months of his 60-month sentence. At this time, Defendant has not even served half of his sentence. Although Defendant argues that his health conditions and his children's loss of a parent support a reduction, Defendant does not meaningfully address the remaining sentencing factors in this case which weigh significantly against a sentence reduction to time served.

Defendant's criminal conviction is significant as he was engaged in a conspiracy to distribute methamphetamine over a period of two years. Defendant also has an extensive criminal history beginning at age 11 and including a conviction of involuntary manslaughter. (Doc. 374 at 13-23.)

Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment. *See United States v. Sides*, No. 20-1296, 2021 WL 2935259, at *4 (10th Cir. July 13, 2021) (finding no abuse of discretion for the district court to conclude a time served sentence would not reflect the seriousness of the offense when the defendant had not yet served half of his sentence). The sentencing factors, which supported the sentence Defendant received, also support a term of imprisonment greater than a time-served sentence. The court finds that the imposed sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

After considering the factors enumerated in § 3553(a), Defendant's motion to reduce his sentence to time served is denied.

## IV.  Conclusion

Defendant's motion for sentence reduction under § 3582 is DENIED. (Doc. 422.)

IT IS SO ORDERED. Dated this 23rd day of July 2021.

                                        __s/ John W. Broomes_____
                                        JOHN W. BROOMES
                                        UNITED STATES DISTRICT JUDGE